IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALBERTA E. SCHROEDER,                        06-CV-818-SU

         Plaintiff,                        ORDER

v.

UNITED STATES OF AMERICA,
et al.,

         Defendants.

WILLIAM F. SCHROEDER
280 A Street, E
P.O. Box 220
Vale, OR 97918
(541) 473-3141

         Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
TIMOTHY W. SIMMONS
Assistant United States Attorney
405 E. Eighth Avenue
Suite 2400
Eugene, OR 97401
(541) 465-6740

         Attorneys for Defendants

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#39) on July 2, 2007, in which she recommended this Court grant Plaintiffs' Motion for Summary Judgment (#8) and deny Defendants' Motion for Summary Judgment (#22).

Defendants filed timely objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

Plaintiff Alberta E. Schroeder attempted to prepay the balance of two loans on a low-income housing property to the government in April 2006. The government, however, refused to allow Plaintiff to prepay these loans on the ground that the Emergency Low Income Housing Preservation Act (ELIHPA), 42 U.S.C. § 1472, *et seq.*, prohibits prepayment unless Plaintiff complies with the procedures set out in ELIHPA.

Congress enacted ELIHPA specifically to prevent prepayments

and transfers of property out of low-income housing programs. In ELIHPA Congress was attempting to reverse the nationwide increase in mortgage prepayments of low-income housing units, loss of low-income housing units, and displacement of low-income housing residents that was occurring at the time. *Corby Homes Ltd. P'ship v. United States*, 38 Fed. Cl. 204, 206 (Fed. Cl. 1997) (describing history and purpose of ELIHPA).

In May 2006 Plaintiff brought this quiet-title action in which she contends Defendants have improperly refused to accept prepayment of Plaintiff's loans.

"[A] suit to quiet title . . . is an equitable proceeding." *Nedry v. Morgan*, 284 Or. 65, 67 (1978). When balancing the equities, the Court "must act within the bounds of the statute." *Sierra Pac. Indus. v. Lyng*, 866 F.2d 1099, 1111 (9th Cir. 1989) ("Our inquiry into the district court's authority to order equitable relief begins with the well-established principle that 'while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action.'")(quoting *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939)). In addition, courts must not use their equitable powers to excuse or to negate the illegal actions of agencies. *See, e.g., N.W. Env't Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 80-81 (9th Cir. 2007)

3 - ORDER

("[I]f [the court] conclude[s] . . . [the agency] violated the APA by acting . . . contrary to law, [the court] ha[s] the ability and indeed the juristic duty to remedy [the agency's] violation.").

In light of the Ninth Circuit's remand in *DBSI/TRI IV Ltd. Partnership v. United States*, 465 F.3d 1031 (9th Cir. 2006), and this Court's decision on remand in *Goldammer v. Veneman*, No. 03-CV-1749-BR, 2007 WL 1748665 (D. Or. June 14, 2007)(*Goldammer II*), the Court requested further advice from the parties regarding the effect of granting Plaintiff's Motion for Summary Judgment, ordering the government to accept prepayment of Plaintiff's loan, and quieting title in Plaintiff. After reviewing the parties' additional advice, the memorandum of *Amici Curiae* Oregon Law Center and National Housing Law Project, and the record *de novo*, the Court concludes equity does not favor granting Plaintiff's quiet-title claim.

Because the Court declines to grant Plaintiff's request to quiet title, Plaintiff may have to comply with the terms of ELIHPA before the government accepts prepayment of her loan. The Court concludes, however, the importance of preserving that which ELIHPA seeks to preserve (*i.e.*, a reduction in Section 515 mortgage repayments, a reduction in the loss of low-income housing units, and a reduction in the displacement of Section 515 residents) outweighs the burden to Plaintiff of complying with

ELIHPA.

Even if Plaintiff either cannot or does not wish to comply with the terms of ELIHPA, she is not without a remedy. As the Ninth Circuit pointed out in *DBSI/TRI*, "the Supreme Court noted the availability of a damages action under the Tucker Act, 28 U.S.C. § 1491, to compensate owners for contracts breached because of ELIHPA." *DBSI/TRI IV Ltd. P'ship*, 465 F.3d at 1041 (citing *Franconia Assocs. v. United States*, 536 U.S. 129 (2002)).

The Court, therefore, in the exercise of its discretion, declines to order the government to accept prepayment of Plaintiff's low-income housing loans in violation of the terms of ELHIPA.

Accordingly, on this record, the Court declines to adopt the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

For these reasons, the Court **declines to ADOPT** Magistrate Judge Sullivan's Findings and Recommendation (#39). On this record, the Court **DENIES** Plaintiff's Motion for Summary Judgment (#8) and **GRANTS** Defendants' Motion for Summary Judgment (#22).

The Court directs Defendants to submit a form of judgment no

later than October 30, 2007.

IT IS SO ORDERED.

DATED this 16th day of October, 2007.

_____
ANNA J. BROWN
United States District Judge